# EXHIBIT 1

Electronically Filed
10/11/2017 4:08 PM
Fourth Judicial District, Ada County
Christopher D. Rich, Clerk of the Court
By: Lusina Heiskari, Deputy Clerk

Eric S. Rossman, ISB #4573
erossman@rossmanlaw.com
Erica S. Phillips, ISB #6009
ephillips@rossmanlaw.com
ROSSMAN LAW GROUP, PLLC
350 N. 9th Street, Suite 500
Boise, Idaho 83702
Telephone:  (208) 331-2030
Facsimile:  (208) 947-2424

Hippler, Steven

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF
THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| PETER LINDSTROM, D.D.S., a married individual, | ) ) ) | **CASE NO. CV01-17-15360** |
| Plaintiff, | ) ) ) | **AMENDED SUMMONS** |
| -vs- | ) ) ) | |
| GENERAL MOTORS LLC, a Delaware Limited Liability Company; ENTERPRISE RENT-A-CAR COMPANY OF UT, LLC, a Delaware Limited Liability Company; and ENTERPRISE HOLDINGS, INC., a Missouri corporation, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF(S).  THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 21 DAYS.  READ THE INFORMATION BELOW.**

TO:        All Above-named Defendants

AMENDED SUMMONS – 1

EXHIBIT 1

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above designated court within 21 days after service of this Summons on you. If you fail to so respond the court may enter judgment against you as demanded by the plaintiff(s) in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rules 2 and 10 and other Idaho Rules of Civil Procedure and shall also include:

1.  The title and number of this case.

2.  If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3.  Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4.  Proof of mailing or delivery of a copy of your response to plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

10/11/2017 4:08 PM

DATED this _____ day of October, 2017.



CHRISTOPHER D. RICH
CLERK OF THE DISTRICT COURT

By _Lusina Heiskari_
Deputy

Z:\Work\L\Lindstrom, Peter\Pleadings\Summons-Amended.doc

**AMENDED SUMMONS – 2**

Electronically Filed
10/11/2017 4:08 PM
Fourth Judicial District, Ada County
Christopher D. Rich, Clerk of the Court
By: Lusina Heiskari, Deputy Clerk

Eric S. Rossman, ISB #4573
erossman@rossmanlaw.com
Erica S. Phillips, ISB #6009
ephillips@rossmanlaw.com
ROSSMAN LAW GROUP, PLLC
350 N. 9th Street, Suite 500
Boise, Idaho 83702
Telephone:  (208) 331-2030
Facsimile:   (208) 947-2424
*iCourt efiling only:*  *rlg@rossmanlaw.com*

Attorneys for Plaintiff

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| PETER LINDSTROM, D.D.S., a married individual, <br><br> Plaintiff, <br><br> -vs- <br><br> GENERAL MOTORS LLC, a Delaware Limited Liability Company; ENTERPRISE RENT-A-CAR COMPANY OF UT, LLC, a Delaware Limited Liability Company; and ENTERPRISE HOLDINGS, INC., a Missouri corporation, <br><br> Defendants. | **CASE NO. CV01-17-15360** <br><br> **AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Peter Lindstrom, D.D.S., by and through his counsel of record, Rossman Law Group, PLLC, for causes of action against the Defendants, General Motors LLC, Enterprise Rent-A-Car Company of UT, LLC, and Enterprise Holdings, Inc., alleges as follows:

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – 1

## PARTIES

1.      At all times relevant herein, Plaintiff Peter Lindstrom, D.D.S. was and now is a married individual and a resident of Carlsbad, California.

2.      At all times relevant herein, Defendant General Motors LLC ("GM") was and now is a limited liability company duly organized and existing under the laws of the State of Delaware and domiciled in Michigan.  GM is responsible for the design, testing, assembly, and marketing of the Buick brand of vehicles.

3.      At all times relevant herein, Defendant Enterprise Rent-A-Car Company of UT, LLC ("Enterprise") was and now is a limited liability company duly organized and existing under the laws of the State of Delaware with its corporate headquarters in St. Louis, Missouri. Enterprise is authorized to conduct business in the State of Idaho.

4.      At all times relevant herein, Defendant Enterprise Holdings, Inc. was and now is a corporation organized and existing under the laws of the State of Missouri with its corporate headquarters in St. Louis, Missouri.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to Idaho Code § 1-705.

6.      Venue is appropriate in this Court pursuant to Idaho Code § 5-404.

## GENERAL ALLEGATIONS

7.      In late August of 2015, Plaintiff flew into the Boise Airport for a short stay at his summer home in Garden Valley, Idaho.  Plaintiff rented a vehicle from Enterprise at its Boise airport location to travel to his home in Garden Valley, Idaho.

8.      Plaintiff, in fact, rented a 2015 Buick Enclave, VIN 5GAKRBKD2FJ166986, California license plate #7HB379.

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – 2

9.      On or about September 5, 2015, Plaintiff was at the grocery store in Garden Valley, Idaho. As Plaintiff was loading groceries into the back of the vehicle, the rear lift gate of the vehicle suddenly and violently dropped down, striking Plaintiff on the top of the head with the metal latch leaving an indentation in Dr. Lindstrom's skull and causing a severe, permanent and disabling traumatic brain injury and compression fracture of his cervical spine.

10.      In approximately August of 2016, Plaintiff, as a direct and proximate result of the injuries described herein, was forced to sell his dental practice as he was unable to work due to his continuing severe symptoms.

11.      The defect with the lift gate on the 2015 Buick Enclave was known to Defendants GM and Enterprise and, in fact, had been recalled. Defendants GM and Enterprise failed to exercise reasonable care in the design, manufacturing, maintenance and leasing of the vehicle as well as the recall of the vehicle.

## COUNT ONE
### *Product Liability - Negligence (Against All Defendants)*

12.      Plaintiff realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 11 above as set out in full.

13.      Defendants were the distributor and manufacturer of the Buick Enclave. Defendants marketed, distributed and manufactured the Buick Enclave to consumers and the general public. Accordingly, Defendants had a reasonable opportunity to inspect the Buick Enclave such that they knew or reasonably should have known of the defective conditions described herein.

14.      The Buick Enclave was unsafe for its foreseeable use and was otherwise defective and unreasonably dangerous as described above.

15.      The acts and omissions of Defendants and the unreasonably dangerous and defective nature of the Buick Enclave were the proximate cause of, directly resulted in, and/or

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – 3

substantially contributed to the severe injuries sustained by Plaintiff and his resulting damages, for which Defendants are liable.

16.     Defendants' actions, as alleged herein, were reckless or willful and constituted a gross deviation from reasonable standards of conduct.

17.     Defendants' conduct was reckless and outrageous as alleged hereinabove, constituting an extreme deviation from reasonable standards of conduct, and Defendants' conduct was performed with an understanding of, or disregard for, its likely consequences.

18.     Plaintiff reserves this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

19.     Plaintiff is entitled to recover his attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

## COUNT TWO
### *Statutory Liability (Imputed Liability)(Against Defendant Enterprise)*

20.     Plaintiff realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 19 above as set out in full.

21.     Alternatively, Defendant Enterprise as the distributor of the Buick Enclave, was a product distributor and is therefore liable pursuant to Idaho Code §§ 6-1407 (1) and (4).

22.     The alternative statutory liability of Defendant Enterprise, pursuant to Idaho Code § 6-1407(4), was the proximate cause of, directly resulted in, and/or substantially contributed to the injuries sustained by Plaintiff and his resulting damages, for which Defendant Enterprise is liable.

23.     The Buick Enclave was unsafe for its foreseeable use and was otherwise defective and unreasonably dangerous as described above.

24.     The acts and omissions of Defendant Enterprise and the unreasonably dangerous and defective nature of the Buick Enclave, were the proximate cause of, directly resulted in, and/or substantially contributed to the severe injuries sustained by Plaintiff and his resulting damages, for which Defendant Enterprise is liable.

25.     Defendant Enterprise's actions, as alleged herein, were reckless or willful and constituted a gross deviation from reasonable standards of conduct.

26.     Defendant Enterprise's conduct was reckless and outrageous as alleged hereinabove, constituting an extreme deviation from reasonable standards of conduct, and Defendant Enterprise's conduct was performed with an understanding of, or disregard for, its likely consequences.

27.     Plaintiff reserves this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

28.     Plaintiff is entitled to recover his attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

## COUNT THREE
### Strict Liability (Against All Defendants)

29.     Plaintiff realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 28 above as set out in full.

30.     Defendants were at all times relevant hereto engaged in the business of selling, leasing, distributing and/or manufacturing the Buick Enclave into the stream of commerce.

31.     Defendants expected the Buick Enclave to reach its ultimate consumers and to be used by consumers, including the Plaintiff.

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – 5

32.     The Buick Enclave was unsafe for its foreseeable use and was otherwise defective and unreasonably dangerous as described above.

33.     The acts and omissions of Defendants and the unreasonably dangerous and defective nature of the Buick Enclave, were the proximate cause of, directly resulted in, and/or substantially contributed to the severe injuries sustained by Plaintiff and his resulting damages, for which Defendants are liable.

34.     Defendants' actions, as alleged herein, were reckless or willful and constituted a gross deviation from reasonable standards of conduct.

35.     Defendants' conduct was reckless and outrageous as alleged hereinabove, constituting an extreme deviation from reasonable standards of conduct, and Defendants' conduct was performed with an understanding of, or disregard for, its likely consequences.

36.     Plaintiff reserves this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

37.     Plaintiff is entitled to recover his attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

### COUNT FOUR
#### *Negligent Failure to Warn (Against All Defendants)*

38.     Plaintiff realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 37 above as set out in full.

39.     Defendants negligently failed to provide adequate warnings so as to ensure that consumers and the general public were fully apprised of the hazards that were known by, or should reasonably have been known by Defendants to exist relative to the rear life gate on the Buick Enclave.

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – 6

40. Defendants negligently failed to warn the Plaintiff and the general public of the defective lift gate associated with the Buick Enclave.

41. As a direct result of Defendants' negligent acts, Plaintiff has suffered damages in excess of $25,000.00 to be proven with specificity at trial.

42. Defendants' actions, as alleged herein, were reckless or willful and constituted a gross deviation from reasonable standards of conduct.

43. Defendants' conduct was reckless and outrageous as alleged hereinabove, constituting an extreme deviation from reasonable standards of conduct, and Defendants' conduct was performed with an understanding of, or disregard for, its likely consequences.

44. Plaintiff reserves this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

45. Plaintiff is entitled to recover his attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

## COUNT FIVE
### Breach of Warranties (Against All Defendants)

46. Plaintiff realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 45 above as set out in full.

47. Defendants were the distributor and manufacturer of the Buick Enclave.

48. In renting the Buick Enclave, Defendants impliedly warranted that it was reasonably safe, was of merchantable quality, and was reasonably fit for its intended purpose.

49. Defendants knew or should have known that consumers would use and be subject to the use of the Buick Enclave and would rely upon the representations, skill and judgment of Defendants in furnishing products suitable for such purpose.

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – 7

50.    The rear lift gate of the Buick Enclave was not safe, merchantable, nor fit for its intended purpose.   As such, Defendants breached the implied warranties made concerning the inflatable wet/dry obstacle course.

51.    The breach of warranties by Defendants were the proximate cause of, directly resulted in, and/or substantially contributed to the injuries sustained by Plaintiff and his resulting damages in excess of $25,000.00 to be proven with specificity at trial.

52.    Defendants' actions, as alleged herein, were reckless or willful and constituted a gross deviation from reasonable standards of conduct.

53.    Defendants' conduct was reckless and outrageous as alleged hereinabove, constituting an extreme deviation from reasonable standards of conduct, and Defendants' conduct was performed with an understanding of, or disregard for, its likely consequences.

54.    Plaintiff reserves this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

55.    Plaintiff is entitled to recover his attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

## COUNT SIX
### *Negligent Infliction of Emotional Distress (Against All Defendants)*

56.    Plaintiff realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 55 above as if set out in full.

57.    The manufacturing and distribution of the Buick Enclave by the aforementioned Defendants was negligent and fell below the applicable standards of care owed to the Plaintiff by each and every Defendant at the times and places alleged hereinabove.

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – 8

58.     As a direct and proximate result of Defendants' reckless and/or negligent conduct, as alleged hereinabove, Plaintiff has incurred severe mental suffering manifested by physical symptoms including, but not limited to, insomnia, loss of appetite and severe headaches.

59.     As such, Plaintiff is entitled to recover monetary damages from Defendants representing fair and reasonable compensation for the emotional distress suffered by Plaintiff as a result of the wrongful conduct alleged hereinabove in an amount in excess of $25,000.00 to be proven at trial.

60.     Plaintiff is entitled to recover his attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

61.     Plaintiff reserves this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

WHEREFORE, Plaintiff prays for Judgment of this Court as follows:

1.     For money damages for Plaintiff from Defendants under the theories of product liability, statutory liability, strict liability, negligence, breach of warranties, and negligent infliction of emotional distress in a sum to be determined at trial in excess of $25,000.00, and representing Plaintiff's economic damages relating to lost contribution of services, past medical expenses, supplies, nursing and physician care, pain and suffering, and loss of enjoyment of life;

2.     For Plaintiff's reasonable attorney fees necessitated in this action pursuant to Idaho Code §§ 12-120 and 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law;

3.     For costs of suit incurred herein; and

4.     For such other and further relief as to the Court is just and equitable.

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – 9

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of no less than twelve (12) persons on all issues so triable pursuant to Idaho Rule of Civil Procedure 38(b).

DATED this ___11th___ day of October, 2017.

ROSSMAN LAW GROUP, PLLC

By_____

Eric S. Rossman
Attorneys for Plaintiff

Z:\Work\L\Lindstrom, Peter\Complaint-Amended.doc

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – 10

Electronically Filed
8/17/2017 12:16:09 PM
Fourth Judicial District, Ada County
Christopher D. Rich, Clerk of the Court
By: Lusina Heiskari, Deputy Clerk

Hippler, Steven

Eric S. Rossman, ISB #4573
erossman@rossmanlaw.com
Erica S. Phillips, ISB #6009
ephillips@rossmanlaw.com
ROSSMAN LAW GROUP, PLLC
350 N. 9th Street, Suite 500
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 947-2424

Attorneys for Plaintiff

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| PETER LINDSTROM, D.D.S., a married individual, | ) ) ) | CASE NO. CV01-17-15360 |
| Plaintiff, | ) ) | SUMMONS |
| -vs- | ) ) | |
| GENERAL MOTORS COMPANY, a Delaware Corporation; ENTERPRISE RENT-A-CAR COMPANY OF UT, LLC, a Delaware Limited Liability Company; and ENTERPRISE HOLDINGS, INC., a Missouri corporation, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF(S). THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**

TO:          All Above-named Defendants

SUMMONS – 1

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above designated court within 21 days after service of this Summons on you.  If you fail to so respond the court may enter judgment against you as demanded by the plaintiff(s) in the Complaint.

A copy of the Complaint is served with this Summons.  If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rules 2 and 10 and other Idaho Rules of Civil Procedure and shall also include:

1. The title and number of this case.

2. If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3. Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4. Proof of mailing or delivery of a copy of your response to plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

8/17/2017 12:16:09 PM

DATED this _____ day of August, 2017.



CHRISTOPHER D. RICH
CLERK OF THE DISTRICT COURT

By _Lusina Heiskari_____
Deputy

Electronically Filed
8/17/2017 12:16:09 PM
Fourth Judicial District, Ada County
Christopher D. Rich, Clerk of the Court
By: Lusina Heiskari, Deputy Clerk

Eric S. Rossman, ISB #4573
erossman@rossmanlaw.com
Erica S. Phillips, ISB #6009
ephillips@rossmanlaw.com
ROSSMAN LAW GROUP, PLLC
350 N. 9th Street, Suite 500
Boise, Idaho 83702
Telephone:  (208) 331-2030
Facsimile:   (208) 947-2424

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF
THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| PETER LINDSTROM, D.D.S., a married individual, | ) ) ) | CASE NO. CV01-17-15360 |
| Plaintiff, | ) ) | COMPLAINT AND DEMAND FOR JURY TRIAL |
| -vs- | ) ) ) | |
| GENERAL MOTORS COMPANY, a Delaware Corporation; ENTERPRISE RENT-A-CAR COMPANY OF UT, LLC, a Delaware Limited Liability Company; and ENTERPRISE HOLDINGS, INC., a Missouri corporation, | ) ) ) ) ) ) ) | Fee Category:  A Filing Fee:  $221.00 |
| Defendants. | ) ) | |

COMES NOW the Plaintiff, Peter Lindstrom, D.D.S., by and through his counsel of

record, Rossman Law Group, PLLC, and for causes of action against the Defendants, General Motors

Co., Enterprise Rent-A-Car Company of UT, LLC, and Enterprise Holdings, Inc., alleges as follows:

**COMPLAINT AND DEMAND FOR JURY TRIAL – 1**

## PARTIES

1.     At all times relevant herein, Plaintiff Peter Lindstrom, D.D.S. was and now is a married individual and a resident of Carlsbad, California.

2.     At all times relevant herein, Defendant General Motors Company ("GM") was and now is a corporation duly organized and existing under the laws of the State of Delaware with its corporate headquarters in Detroit, Michigan.  GM is the manufacturer of the Buick brand of vehicles.

3.     At all times relevant herein, Defendant Enterprise Rent-A-Car Company of UT, LLC ("Enterprise") was and now is a limited liability company duly organized and existing under the laws of the State of Delaware with its corporate headquarters in St. Louis, Missouri. Enterprise is authorized to conduct business in the State of Idaho.

4.     At all times relevant herein, Defendant Enterprise Holdings, Inc. was and now is a corporation organized and existing under the laws of the State of Missouri with its corporate headquarters in St. Louis, Missouri.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this matter pursuant to Idaho Code § 1-705.

6.     Venue is appropriate in this Court pursuant to Idaho Code § 5-404.

## GENERAL ALLEGATIONS

7.     In late August of 2015, Plaintiff flew into the Boise Airport for a short stay at his summer home in Garden Valley, Idaho.  Plaintiff rented a vehicle from Enterprise at its Boise airport location to travel to his home in Garden Valley, Idaho.

8.     Plaintiff, in fact, rented a 2015 Buick Enclave, VIN 5GAKRBKD2FJ166986, California license plate #7HB379.

**COMPLAINT AND DEMAND FOR JURY TRIAL – 2**

9. On or about September 5, 2015, Plaintiff was at the grocery store in Garden Valley, Idaho. As Plaintiff was loading groceries into the back of the vehicle, the rear lift gate of the vehicle suddenly and violently dropped down, striking Plaintiff on the top of the head with the metal latch leaving an indentation in Dr. Lindstrom's skull and causing a severe, permanent and disabling traumatic brain injury and compression fracture of his cervical spine.

10. In approximately August of 2016, Plaintiff, as a direct and proximate result of the injuries described herein, was forced to sell his dental practice as he was unable to work due to his continuing severe symptoms.

11. The defect with the lift gate on the 2015 Buick Enclave was known to Defendants GM and Enterprise and, in fact, had been recalled. Defendants GM and Enterprise failed to exercise reasonable care in the design, manufacturing, maintenance and leasing of the vehicle as well as the recall of the vehicle.

## COUNT ONE
### Product Liability - Negligence (Against All Defendants)

12. Plaintiff realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 11 above as set out in full.

13. Defendants were the distributor and manufacturer of the Buick Enclave. Defendants marketed, distributed and manufactured the Buick Enclave to consumers and the general public. Accordingly, Defendants had a reasonable opportunity to inspect the Buick Enclave such that they knew or reasonably should have known of the defective conditions described herein.

14. The Buick Enclave was unsafe for its foreseeable use and was otherwise defective and unreasonably dangerous as described above.

15. The acts and omissions of Defendants and the unreasonably dangerous and defective nature of the Buick Enclave were the proximate cause of, directly resulted in, and/or

COMPLAINT AND DEMAND FOR JURY TRIAL – 3

substantially contributed to the severe injuries sustained by Plaintiff and his resulting damages, for which Defendants are liable.

16. Defendants' actions, as alleged herein, were reckless or willful and constituted a gross deviation from reasonable standards of conduct.

17. Defendants' conduct was reckless and outrageous as alleged hereinabove, constituting an extreme deviation from reasonable standards of conduct, and Defendants' conduct was performed with an understanding of, or disregard for, its likely consequences.

18. Plaintiff reserves this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

19. Plaintiff is entitled to recover his attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

## COUNT TWO
### *Statutory Liability (Imputed Liability)(Against Defendant Enterprise)*

20. Plaintiff realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 19 above as set out in full.

21. Alternatively, Defendant Enterprise as the distributor of the Buick Enclave, was a product distributor and is therefore liable pursuant to Idaho Code §§ 6-1407 (1) and (4).

22. The alternative statutory liability of Defendant Enterprise, pursuant to Idaho Code § 6-1407(4), was the proximate cause of, directly resulted in, and/or substantially contributed to the injuries sustained by Plaintiff and his resulting damages, for which Defendant Enterprise is liable.

23. The Buick Enclave was unsafe for its foreseeable use and was otherwise defective and unreasonably dangerous as described above.

COMPLAINT AND DEMAND FOR JURY TRIAL – 4

24.     The acts and omissions of Defendant Enterprise and the unreasonably dangerous and defective nature of the Buick Enclave, were the proximate cause of, directly resulted in, and/or substantially contributed to the severe injuries sustained by Plaintiff and his resulting damages, for which Defendant Enterprise is liable.

25.     Defendant Enterprise's actions, as alleged herein, were reckless or willful and constituted a gross deviation from reasonable standards of conduct.

26.     Defendant Enterprise's conduct was reckless and outrageous as alleged hereinabove, constituting an extreme deviation from reasonable standards of conduct, and Defendant Enterprise's conduct was performed with an understanding of, or disregard for, its likely consequences.

27.     Plaintiff reserves this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

28.     Plaintiff is entitled to recover his attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

## COUNT THREE
### Strict Liability (Against All Defendants)

29.     Plaintiff realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 28 above as set out in full.

30.     Defendants were at all times relevant hereto engaged in the business of selling, leasing, distributing and/or manufacturing the Buick Enclave into the stream of commerce.

31.     Defendants expected the Buick Enclave to reach its ultimate consumers and to be used by consumers, including the Plaintiff.

32.     The Buick Enclave was unsafe for its foreseeable use and was otherwise defective and unreasonably dangerous as described above.

33.     The acts and omissions of Defendants and the unreasonably dangerous and defective nature of the Buick Enclave, were the proximate cause of, directly resulted in, and/or substantially contributed to the severe injuries sustained by Plaintiff and his resulting damages, for which Defendants are liable.

34.     Defendants' actions, as alleged herein, were reckless or willful and constituted a gross deviation from reasonable standards of conduct.

35.     Defendants' conduct was reckless and outrageous as alleged hereinabove, constituting an extreme deviation from reasonable standards of conduct, and Defendants' conduct was performed with an understanding of, or disregard for, its likely consequences.

36.     Plaintiff reserves this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

37.     Plaintiff is entitled to recover his attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

### COUNT FOUR
*Negligent Failure to Warn (Against All Defendants)*

38.     Plaintiff realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 37 above as set out in full.

39.     Defendants negligently failed to provide adequate warnings so as to ensure that consumers and the general public were fully apprised of the hazards that were known by, or should reasonably have been known by Defendants to exist relative to the rear life gate on the Buick Enclave.

COMPLAINT AND DEMAND FOR JURY TRIAL – 6

40.     Defendants negligently failed to warn the Plaintiff and the general public of the defective lift gate associated with the Buick Enclave.

41.     As a direct result of Defendants' negligent acts, Plaintiff has suffered damages in excess of $25,000.00 to be proven with specificity at trial.

42.     Defendants' actions, as alleged herein, were reckless or willful and constituted a gross deviation from reasonable standards of conduct.

43.     Defendants' conduct was reckless and outrageous as alleged hereinabove, constituting an extreme deviation from reasonable standards of conduct, and Defendants' conduct was performed with an understanding of, or disregard for, its likely consequences.

44.     Plaintiff reserves this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

45.     Plaintiff is entitled to recover his attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

## COUNT FIVE
### *Breach of Warranties (Against All Defendants)*

46.     Plaintiff realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 45 above as set out in full.

47.     Defendants were the distributor and manufacturer of the Buick Enclave.

48.     In renting the Buick Enclave, Defendants impliedly warranted that it was reasonably safe, was of merchantable quality, and was reasonably fit for its intended purpose.

49.     Defendants knew or should have known that consumers would use and be subject to the use of the Buick Enclave and would rely upon the representations, skill and judgment of Defendants in furnishing products suitable for such purpose.

COMPLAINT AND DEMAND FOR JURY TRIAL – 7

50.     The rear lift gate of the Buick Enclave was not safe, merchantable, nor fit for its intended purpose.   As such, Defendants breached the implied warranties made concerning the inflatable wet/dry obstacle course.

51.     The breach of warranties by Defendants were the proximate cause of, directly resulted in, and/or substantially contributed to the injuries sustained by Plaintiff and his resulting damages in excess of $25,000.00 to be proven with specificity at trial.

52.     Defendants' actions, as alleged herein, were reckless or willful and constituted a gross deviation from reasonable standards of conduct.

53.     Defendants' conduct was reckless and outrageous as alleged hereinabove, constituting an extreme deviation from reasonable standards of conduct, and Defendants' conduct was performed with an understanding of, or disregard for, its likely consequences.

54.     Plaintiff reserves this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

55.     Plaintiff is entitled to recover his attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

### COUNT SIX
*Negligent Infliction of Emotional Distress (Against All Defendants)*

56.     Plaintiff realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 55 above as if set out in full.

57.     The manufacturing and distribution of the Buick Enclave by the aforementioned Defendants was negligent and fell below the applicable standards of care owed to the Plaintiff by each and every Defendant at the times and places alleged hereinabove.

58.     As a direct and proximate result of Defendants' reckless and/or negligent conduct, as alleged hereinabove, Plaintiff has incurred severe mental suffering manifested by physical symptoms including, but not limited to, insomnia, loss of appetite and severe headaches.

59.     As such, Plaintiff is entitled to recover monetary damages from Defendants representing fair and reasonable compensation for the emotional distress suffered by Plaintiff as a result of the wrongful conduct alleged hereinabove in an amount in excess of $25,000.00 to be proven at trial.

60.     Plaintiff is entitled to recover his attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

61.     Plaintiff reserves this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

WHEREFORE, Plaintiff prays for Judgment of this Court as follows:

1.     For money damages for Plaintiff from Defendants under the theories of product liability, statutory liability, strict liability, negligence, breach of warranties, and negligent infliction of emotional distress in a sum to be determined at trial in excess of $25,000.00, and representing Plaintiff's economic damages relating to lost contribution of services, past medical expenses, supplies, nursing and physician care, pain and suffering, and loss of enjoyment of life;

2.     For Plaintiff's reasonable attorney fees necessitated in this action pursuant to Idaho Code §§ 12-120 and 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law;

3.     For costs of suit incurred herein; and

4.     For such other and further relief as to the Court is just and equitable.

**COMPLAINT AND DEMAND FOR JURY TRIAL – 9**

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of no less than twelve (12) persons on all issues so triable pursuant to Idaho Rule of Civil Procedure 38(b).

DATED this _____ day of August, 2017.

ROSSMAN LAW GROUP, PLLC

By _____
Eric S. Rossman
Attorneys for Plaintiff

Z:\Work\L\Lindstrom, Peter\Complaint.doc

**COMPLAINT AND DEMAND FOR JURY TRIAL – 10**